UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAGPREET DHINDSA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26cv1189 DRL-SJF |

OPINION AND ORDER

Immigration detainee Jagpreet Dhindsa, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States.

Mr. Dhindsa is a native and citizen of India who entered the United States without admission or inspection around 2023 [8-1]. Around that time, he was served with a notice to appear that initiated removal proceedings. He claims he was released on conditional parole pursuant to an Order of Release on Recognizance, Form I-220A [9].[1] On July 29, 2026, he was arrested by Indiana State Police during a traffic stop [8-1]. The following day, he was transferred into the custody of United States Immigration and Customs Enforcement (ICE). After taking him into custody, ICE served him with Form I-200, Warrant for Arrest of Alien, which was dated July 30, 2026. ICE also served him with a

[1] Neither party provides a copy of the Form I-220A, but the Warden does not dispute that Mr. Dhindsa was released on conditional parole.

Cancellation of Form I-220A, stating that his Order of Release on Recognizance was cancelled.

On August 31, 2026, Mr. Dhindsa appeared before an immigration judge for a custody redetermination hearing. The immigration judge denied bond, finding he had failed to show he was not a flight risk. Mr. Dhindsa did not appeal the immigration judge's denial to the Board of Immigration Appeals (BIA). He is currently held at Miami Correctional Facility pending the outcome of his removal proceedings.

Here, both parties agree Mr. Dhindsa is being detained under 8 U.S.C. § 1226(a), the "default rule" for detention of noncitizens who are "already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). "On a warrant issued by the Attorney General, an alien may be arrested and detained" while removal proceedings are pending, and the Attorney General "(1) may continue to detain the [noncitizen]; and (2) may release the [noncitizen] on (A) bond . . . or (B) conditional parole" until removal proceedings conclude. 8 U.S.C. § 1226(a).

In his habeas petition, Mr. Dhindsa argued his detention under § 1226(a) is unlawful because he was not arrested pursuant to an administrative warrant. In his response to the order to show cause, the Warden provides evidence that Mr. Dhindsa was arrested pursuant to an administrative warrant [8-1]. In his reply, Mr. Dhindsa argues that his arrest was nevertheless unlawful because he was booked into the Clay County Jail on July 29, whereas the administrative warrant was signed one day later on July 30. But the record identifies July 29 as the date of his arrest by Indiana State Police and July 30 as the date he was transferred to ICE custody. His booking into the county

jail on July 29 thus does not, by itself, establish that ICE arrested him before the administrative warrant was issued.

In any event, even assuming the administrative warrant authorizing Mr. Dhindsa's arrest was defective, that defect would establish at most that his initial arrest was unlawful; it would not establish that he is entitled to release from his present detention. *See Arias v. Rogers*, 676 F.2d 1139, 1143–44 (7th Cir. 1982). "[I]f there is probable cause to hold an accused he cannot gain his freedom by showing that the arrest was illegal," and the court applies "the same principle, distinguishing illegal arrest from illegal detention, in deportation cases." *Id.* at 1143. Thus, when removal proceedings are commenced with reasonable promptness after an allegedly unlawful arrest, the arrest does not furnish a basis for habeas release. *Id.* at 1143–44; *see also United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923) (explaining that habeas determines whether a prisoner may be lawfully detained in custody and that a prisoner therefore "is not to be discharged for defects in the original arrest or commitment" when sufficient grounds for detention exist); *Gonzalez-Martinez v. English*, No. 3:26cv655, 2026 WL 1730052, 2 (N.D. Ind. June 15, 2026) ("an unlawful arrest does not invalidate a subsequent detention that is otherwise authorized."); *Cruz Rodriguez v. Olson*, 814 F. Supp.3d 945, 955 (N.D. Ill. 2026) (holding under *Arias* that an allegedly warrantless immigration arrest did not entitle the petitioner to habeas release after removal proceedings had begun). Accordingly, the relevant question is not whether every requirement attending Mr. Dhindsa's initial arrest was satisfied, but whether the alleged defects in that arrest render his present detention unlawful.

They do not. Mr. Dhindsa's removal proceedings were already pending when ICE took him back into custody. He thereafter received a custody redetermination hearing before an immigration judge, who denied bond after finding that he had failed to establish that he was not a flight risk. Mr. Dhindsa could have appealed that custody determination to the BIA, but he did not do so. In his habeas petition, Mr. Dhindsa identifies no defect in this present basis for detention independent of the alleged deficiencies surrounding his initial arrest. Under *Arias* and *Bilokumsky*, those alleged deficiencies do not entitle him to release on habeas. *See Arias*, 676 F.2d at 1143 ("It is of course possible that the detention might be legal although the arrest was not.").

Last, Mr. Dhindsa advances a different ground for relief in his reply to the order to show cause: that his prior Order of Release on Recognizance was not lawfully revoked because the Cancellation of Form I-220A was not signed by an authorized individual. In his habeas petition, Mr. Dhindsa challenged only the absence of an arrest warrant; he did not challenge the authority of the official who purported to revoke his release or compliance with the regulations governing revocation. The latter claim presents a distinct issue, and the Warden has had no opportunity to respond to it. The court declines to consider a new ground for habeas relief raised for the first time in reply. *See O'Neal v. Reilly*, 961 F.3d 973, 974 (7th Cir. 2020) (district courts are "entitled to treat an argument raised for the first time in a reply brief as waived"); *Thompson v. Battaglia*, 458 F.3d 614, 616 (7th Cir. 2006) (a habeas petition must "specify all the grounds for relief available to" the petitioner); *see also Hawkins v. Vanihel*, No. 23-3352, 2024 WL 3251289, 3 (7th Cir. July 1, 2024) (applying these principles to an argument first raised in a habeas reply). This

disposition does not adjudicate the merits of any claim concerning the revocation of Mr. Dhindsa's conditional release.

For these reasons, the court DENIES the habeas petition (ECF 1).

SO ORDERED.

October 2, 2026

*s/ Damon R. Leichty*
Judge, United States District Court